IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRED LOLLIS and ROSEMARY LOLLIS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 15-CV-584-JHP-FHM |
| DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are the plaintiffs' Complaint [Doc. No. 1] and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit [Doc. No. 2]. Plaintiffs Fred and Rosemary Fred Lollis ("Plaintiffs"), proceeding *pro se*, appear to be alleging constitutional and criminal code violations based on theft of and trespass on their "property." However, it is extremely difficult to discern the basis for Plaintiffs' claims given the lack of factual allegations contained in their ten "Notices" and one claim for "trespass [forgery]."

Plaintiffs seek to commence this action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite use of the word "prisoner," this statute applies to all persons applying for *in forma pauperis* status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent such frivolous litigation, the statute authorizes federal courts to dismiss a case *sua sponte* that is filed *in forma pauperis* if: (1) the allegation of poverty is false, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.[1]

While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual

---

[1] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1216 & n.6 (10th Cir. 2006).

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Regardless of Plaintiffs' *pro se status*, the Court cannot permit this case to proceed if the Court lacks jurisdiction over Plaintiffs' claims.

Here, Plaintiffs' complaint does not allege any basis for federal subject matter jurisdiction. To the contrary, Plaintiffs state in their Notice of New Evidence #4 that they "Put this court on NOTICE of DISMISSAL for lack of jurisdiction." Plaintiffs have not alleged that the parties are diverse or that the amount in controversy exceeds $75,000. Reviewing Plaintiffs' complaint, the Court cannot discern any possibility that it could exercise diversity jurisdiction under 28 U.S.C. § 1332(a).

The Court has also considered whether Plaintiffs could be alleging a claim for violation of their federal constitutional or statutory rights, which could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Collins v. Cnty. of Johnson, Kan.*, 2001 WL 950259,

at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  The complaint is unclear, but Plaintiffs' only claim appears to be "trespass" on their "property."  Plaintiffs allege the Defendants used a "forged instrument" to commit the trespass, which began on February 18, 2015.  However, Plaintiffs do not provide any facts in support of these allegations and offer no description of their "property."  Plaintiffs also cite various constitutional amendments and criminal United States Code sections throughout the complaint, particularly with respect to certain "evidence" pertaining to custody of their children, but they fail to show any cognizable link between those citations and any conduct by the Defendant.  Here, Plaintiffs' vague and conclusory allegations do not state any colorable federal claim against the Defendant.[2]  As a result, the Court lacks subject matter jurisdiction over this case.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (stating that federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law).  The case should be dismissed under § 1915(e)(2) for failure to state any federal claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit [Doc. 2] is denied as moot.

**SO ORDERED this 11th day of December, 2015.**

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[2] To the extent Plaintiffs are asserting some claim arising under state law, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiffs may have.  *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998)).